UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOHIB SAIDAHMADZODA,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT, *et al.*,<br><br>Respondents. | CASE NO. 2:26-cv-04167-GJL<br><br>ORDER GRANTING HABEAS PETITION AND DIRECTING IMMEDIATE RELEASE |

On October 29, 2026, Petitioner Sohib Saidahmadzoda, a citizen of Tajikistan, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention. Dkt. 1. Respondents have not filed a response to the Petition.[1] *See docket*.

Upon consideration of the Petition, and lack of response from Respondents, the Court **GRANTS** the Petition (Dkt. 1), and **ORDERS** Respondents to **immediately release** Petitioner from immigration detention.

//

//

[1] The Parties have consented to proceed with this matter before a United States Magistrate Judge. Dkt. 4.

## I. DISCUSSION

Petitioner, through counsel, filed a habeas Petition on October 29, 2026. Dkt. 1. Petitioner alleges he entered the United States without authorization near Tecate, California, on September 28, 2023, and was arrested by immigration authorities. Dkt. 1 ¶ 13. He was issued a Notice to Appear ("NTA") on September 29, 2023, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 14. On that same day, the Department of Homeland Security ("DHS") issued Petitioner a Form I-220A, Order of Release on Recognizance ("OREC"), and released him. *Id.* ¶ 15. Since that time, Petitioner has lived in Philadelphia, Pennsylvania, been issued employment authorization, and received a commercial driver's license in January 2025. *Id.* ¶¶ 16–17.

At some point not confirmed by Petitioner's counsel, immigration authorities arrested Petitioner and ultimately detained him at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 18. Petitioner remains detained at NWIPC. *Id.* ¶¶ 6, 8.

With the filing of the instant Petition, Petitioner has exercised his constitutional right to seek habeas relief from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ of habeas corpus protects the most fundamental of all rights—the right to speedy judicial review into the legality of an individual's detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This Court thus possesses the jurisdiction to grant habeas relief to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); s*ee also Lopez Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention").

Moreover, the American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375–76 (citation modified).

Here, Petitioner maintains his detention is governed by 8 U.S.C. § 1226(a). Dkt. 1. As a detainee held under § 1226(a), Petitioner contends due process, under the *Mathews* test, compels his release because he was both denied any notice of why he was being detained and denied a detention hearing before a neutral decision maker. *Id*. at 7–8. Petitioner requests that Respondents provide with their Return "every document bearing on the authority for his custody." *Id*. at 8. As relief, Petitioner seeks immediate release. *Id*. at 9.

After the Petition was filed, on October 30, 2026, the Court issued its standard Scheduling Order directing Respondents to show cause by November 13, 2026, why the writ should not be granted. Dkt. 3. Respondents have failed to appear in the case or respond to the Court's Order. *See docket*. Because Respondents have failed to appear or respond, the Court construes the habeas Petition as intentionally unopposed.

Petitioner has stated a plausible claim to habeas relief under the Due Process Clause. In the absence of a response to the Court's show cause Order (Dkt. 3), the Court **GRANTS** the habeas Petition (Dkt. 1) and will **ORDER** Petitioner's release from custody.

//

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1) The Petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2) Within **ONE day** of this Order, Respondents must **release** Petitioner Sohib Saidahmadzoda from custody and restore his previous release conditions, if any.

3) Upon his release, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4) Petitioner's counsel shall **FILE** a status report by **November 20, 2026**, confirming that Petitioner Sohib Saidahmadzoda has been released.

Dated this 18th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge